Monica M. Quinn, Bar No. 198332
mquinn@littler.com
Leah E. Peterson
lpeterson@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California  90071
Telephone:  213.443.4300
Fax No.:    213.443.4299

Attorneys for Defendants
OFFICE DEPOT, LLC (ERRONEOUSLY
NAMED AS OFFICE DEPOT, INC.);
OFFICEMAX INCORPORATED a/k/a
OFFICEMAX, LLC; OFFICEMAX NORTH
AMERICA, INC; AND TED VALENCIA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE PHEM,<br><br>                    Plaintiff,<br><br>        v.<br><br>OFFICE DEPOT, INC.; OFFICE DEPOT, LLC; OFFICEMAX INCORPORATED a/k/a OFFICEMAX, LLC; OFFICE DEPOT OFFICE MAX; OFFICEMAX NORTH AMERICA, INC.; TED VALENCIA; and DOES  1 to 100, inclusive,<br><br>                    Defendants. | Case No.  2:22-cv-03635<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446**<br><br>Trial Date:N/A<br>Complaint Filed:        March 9, 2022 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

1                    NOTICE OF REMOVAL

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**
2    **THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS**
3    **ATTORNEYS OF RECORD:**

4    PLEASE TAKE NOTICE that Defendants OFFICE DEPOT, LLC (erroneously
5    named as Office Depot, Inc.)[1], OfficeMax Incorporated n/k/a OfficeMax, LLC,
6    OfficeMax North America, Inc. ("the Corporate Defendants"), and Ted Valencia ("the
7    Individual Defendant") (collectively referred to as "Defendants") hereby remove the
8    above-entitled action to this Court from the Superior Court of the State of California for
9    the County of Los Angeles, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

10   Defendants make the following allegations in support of their Notice of Removal.

11                    **I. JURISDICTION AND VENUE ARE PROPER**

12   1.    This action is a civil action over which this Court has original jurisdiction
13   based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one that may
14   be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because it is a
15   civil action between citizens of different states and the amount in controversy exceeds
16   $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a),
17   1446(b).

18   2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, and
19   1446(b).

20                           **II. STATUS OF PLEADINGS**

21   3.    On March 9, 2022, Plaintiff JOE PHEM ("Plaintiff") filed a Complaint in
22   Los Angeles Superior Court entitled *Joe Phem v. Office Depot, Inc.; Office Depot, LLC;*
23   *OfficeMax Incorporated[2]; Office Depot Office Max[3]; OfficeMax North America, Inc.;*
24   *Ted Valencia; and Does 1 through 100, inclusive,* designated as Superior Court Case

---

[1] Defendant Office Depot, Inc. was merged with and into Office Depot, LLC under the name of Office Depot, LLC on or about June 30, 2020. (Declaration of Jennifer Harrold ("Harrold Decl.") in support of Defendants' Removal, ¶3).
[2] Defendant OfficeMax Incorporated was converted to OfficeMax, LLC on or about May 10, 2022. (Harrold Decl., ¶4).
[3] Defendant Office Depot Office Max is not a legal entity, and therefore it is not a party to this Removal. (Harrold Decl., ¶6).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2                                          NOTICE OF REMOVAL

No. 22STCV08529 ("Complaint").  The Complaint asserts the following claims for relief:  (1) Age Discrimination in Violation of Government Code §12940(A); (2) Disability Discrimination in Violation of Government Code §12940(A); Disparate Treatment Based On Disability And/or Perceived Disability, (3) Disability Discrimination in Violation of Government Code §12940(M); Failure to Provide Reasonable Accommodation, (4) Disability Discrimination in Violation of Government Code §12940(n); Failure to Engage in the Interactive Process; (5) Retaliation in Violation of Government Code §12940(h); (6) Failure to Do Everything Reasonably Necessary to Prevent Discrimination and Retaliation From Occurring in Violation of Government Code §12940(k); (7) Violation of Government Code §12945.2(a) of the California Family Rights Act; (8) Retaliation for Taking/Requesting CFRA in Violation of Government Code §12945.2(I); (9) Wrongful Termination in Violation of Public Policy, and (10) Intentional Infliction of Emotional Distress. *See id*. A true and correct copy of the Summons and Complaint is attached as Exhibit ("Exh.") 1 to Declaration of Leah E. Peterson In Support of Defendants' Notice of Removal ("Peterson Decl.") filed concurrently herewith.

4.     On or about March 10, 2022, Plaintiff filed a Peremptory Challenge to Hon. Barbara A. Meiers in Department 12.   (Peterson Decl. ¶ 5, Exhibits ("Exhs.") E, F). On or about March 10, 2022, Hon. Barbara A. Meiers issued a Court Order reassigning the matter to Judge Stephen I. Goorvitch in Department 39. (*Id*.)

5.     On or about March 15, 2022, the Hon. Stephen I. Goorvitch issued a Notice of Case Management Conference, scheduling a case management conference for July 7, 2022.  (Peterson Decl. ¶ 6, Exh. G).

6.     On April 29, 2022, Plaintiff served on Defendants OfficeMax Incorporated, OfficeMax North America, Inc., and Office Depot, LLC's registered agent via personal service the following documents: Summons, Complaint, Civil Case Cover Sheet With Addendum and Statement of Location, Notice of Case Management Conference, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

3

NOTICE OF REMOVAL

Alternative Dispute Resolution Information Package, First Amended General Order re Mandatory Electronic Filing for Civil, Plaintiff's March 10, 2022 Peremptory Challenge, and the Court's Order Granting Plaintiff's March 10, 2022 Peremptory Challenge. (Peterson Decl. ¶ 7, Exhs. H, I, J).

7. On May 3, 2022, Plaintiff allegedly served Defendant "Office Depot Office Max" via substituted service by dropping the following documents off to "John Doe" at 3366 East Willow Street, Signal Hill, CA 90755: Summons, Complaint, Civil Case Cover Sheet With Addendum and Statement of Location, Notice of Case Management Conference, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution Information Package, First Amended General Order re Mandatory Electronic Filing for Civil, Plaintiff's March 10, 2022 Peremptory Challenge, and the Court's Order Granting Plaintiff's March 10, 2022 Peremptory Challenge.  (Peterson Decl. ¶ 8, Exh. K).

8. On May 10, 2022, Plaintiff served on Defendant Office Depot, Inc.'s registered agent via personal service the following documents: Summons, Complaint, Civil Case Cover Sheet With Addendum and Statement of Location, Notice of Case Management Conference, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution Information Package, First Amended General Order re Mandatory Electronic Filing for Civil, Plaintiff's March 10, 2022 Peremptory Challenge, and the Court's Order Granting Plaintiff's March 10, 2022 Peremptory Challenge. (Peterson Decl. ¶ 9, Exh. L).

9. On May 10, Plaintiff personally served the Summons, Complaint, Civil Case Cover Sheet With Addendum and Statement of Location, Notice of Case Management Conference, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution Information Package, First Amended General Order re Mandatory Electronic Filing for Civil, Plaintiff's March 10, 2022 Peremptory Challenge, and the Court's Order Granting Plaintiff's March 10, 2022 Peremptory Challenge to me via Notice and Acknowledgment of Receipt on behalf of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4

NOTICE OF REMOVAL

1    individual defendant Ted Valencia.  (Peterson Decl. ¶ 10, Exh. M).

2          10.    On May 24, 2022, Defendants filed their Answer to Plaintiff's Complaint

3    in the Superior Court of California, County of Los Angeles. (Peterson Decl. ¶ 11, Exh.

4    N).

5          11.    To Defendants' knowledge, the documents attached to the Declaration of

6    Leah E. Peterson constitute all process, pleadings, and orders served upon Defendants

7    or filed in the State Court action.  (Peterson Decl. ¶12).  The attachments thereby satisfy

8    the requirements of 28 U.S.C. § 1446(a).

9          12.    As of the date of this Notice of Removal, only Defendants Office Depot,

10   Inc., Office Depot, LLC (erroneously sued as Office Depot, Inc.), OfficeMax

11   Incorporated n/k/a OfficeMax, LLC, Office Depot Office Max, OfficeMax North

12   America, Inc., and Ted Valencia have been served with Plaintiff's Summons and

13   Complaint.  (Peterson Decl. ¶¶ 7 - 10, Exhs. H-M).  No other parties have been validly

14   served in this matter;  therefore, their joinder and/or consent to this Notice is not

15   required. *See* 28 U.S.C. § 1441(b); *Destfino v. Reiswig*, 630 F.3d 952, 955 (2011)

16   (finding those named as defendants but not yet served in the state court action need not

17   join the notice of removal); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th

18   Cir. 1980). Because The Doe defendants have not yet been served.  Therefore, their

19   joinder and/or consent is not required. *See* 28 U.S.C. § 1441(b).  *Cmty. Bldg. Co. v. Md.*

20   *Cas. Co.* 8 F.2d 678, 678-79 (9th Cir. 1925) (named defendants not yet served in state

21   court action need not join in the notice of removal).

22                      **III. DEFENDANTS' REMOVAL IS TIMELY**

23         14.    This Notice of Removal is timely. Under 28 U.S.C. section 1446(b), the

24   notice of removal of a civil action must be filed within thirty (30) days after service of

25   process. 28 U.S.C. § 1446(b). The Corporate Defendants were served with a copy of

26   Plaintiff's Summons and Complaint on April 29, 2022, and the Individual Defendant

27   was served with a copy of Plaintiff's Summons and Complaint on May 10, 2022. (*See*

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

5

NOTICE OF REMOVAL

Peterson Decl. ¶¶ 7-9, Exs. H, I, J, K, L).  This Notice of Removal is filed within thirty days of April 29, 2022 (the earliest date of service) and is therefore timely.

## IV. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

15.    The Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

16.    For purposes of removal, citizenship of doe defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *see Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-91 (9th Cir. 1998).

### A.    Plaintiff Is A Citizen of California.

17.    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, No. CV13-2604PA, 2013 WL 8284799, at *3 (C.D. Cal. Apr. 16, 2013) (citing *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id*. at *3. Residence is prima facie evidence of one's domicile. *Sadeh v. Safeco Ins. Co*., No. CV12-03117SJO, 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012 (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff's Complaint establishes that "From on or around September 27, 1999, until on or around September 23, 2019, PLAINTIFF was employed by DEFENDANTS in the County of Los Angeles.  At all times relevant herein, PLAINTIFF was a resident of Los Angeles County." (Compl. ¶ 13).  According to Office Depot's records, at the time of Plaintiff's separation of employment, his address was located in Long Beach, California, and he appeared to have resided there since at least 2017.  (Harrold Decl. ¶ 7).  Plaintiff is therefore a citizen of California for the jurisdictional analysis. *See Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

6                                    NOTICE OF REMOVAL

**B.     Defendants Are Not Citizens of California**

    **i.     Defendant Office Depot, LLC Is Not A Citizen of California.**

18.     Defendant Office Depot, LLC is a limited liability company, and LLCs are treated like partnerships rather than corporations for the purpose of determining citizenship.  An LLC is deemed "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen.").

19.     Defendant Office Depot, LLC is a Delaware limited liability company with its offices and headquarters in Boca Raton, Florida.  ("Harrold Decl¶ 2.)  Office Depot, LLC is fully owned by ODP Investment, LLC, which is fully owned by The ODP Corporation. Office Depot, LLC is fully owned by ODP Investment, LLC, which is fully owned by The ODP Corporation, which is a publicly traded company.  The ODP Corporation is a Delaware corporation with its principal place of business in Boca Raton, Florida.  Thus, none of the members of the LLC are citizens of California. Therefore, Defendant Office Depot, LLC is not a citizen of the State of California, where the action is currently pending, as it is a citizen of both Delaware and Florida.

    **ii.     Defendant Office Depot, Inc. Is Not A Citizen of California.**

20.     Defendant Office Depot, Inc. was merged with and into Office Depot, LLC under the name of "Office Depot, LLC" on or about June 30, 2020.  (Harrold Decl. ¶ 3.) Before its merger with Office Depot, LLC, Office Depot, Inc. was a corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in Boca Raton, Florida.  (*Id*.).

21.     Accordingly, Defendant Office Depot, Inc. is, at the time of the filing of this action, a merged entity with Office Depot, LLC, and therefore is a citizen of both Delaware and Florida.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

7

NOTICE OF REMOVAL

1      **iii.    Defendant OfficeMax Incorporated Is Not A Citizen of California.**

2          22.    Defendant OfficeMax Incorporated was converted to OfficeMax, LLC on

3   or about May 10, 2022.  (Harrold Decl. ¶ 4.)  OfficeMax, LLC is a limited liability

4   company organized and incorporated under the laws of the State of North Carolina.

5   (*Id.*)  OfficeMax, LLC's sole member is Mapleby Holdings Merger Corporation, which

6   is a Delaware Corporation, with its principal business address in Boca Raton, Florida.

7   (*Id.*)    Prior to its conversion, OfficeMax Incorporated was a Delaware corporation,

8   with its principal business address in Boca Raton, Florida.  (*Id.*)  Accordingly, at the

9   time of filing of this action and as of today, OfficeMax Incorporated n/k/a OfficeMax,

10  LLC was not a citizen of the State of California, where the action is currently pending.

11     **iv.    Defendant OfficeMax North America, Inc. Is Not A Citizen of**

12              **California.**

13         23.    Defendant OfficeMax North America, Inc. is a corporation organized and

14  incorporated under the laws of the state of Ohio with its principal place of business in

15  Boca Raton, Florida.  (Harrold Decl. ¶ 5.) Defendant OfficeMax North America, Inc. is

16  a wholly owned subsidiary of The ODP Corporation, a Delaware corporation with its

17  principal place of business in Boca Raton, Florida.

18         24.    Accordingly, OfficeMax North America, Inc. was at the time of the filing

19  of this action and still is, a citizen of both Ohio and Florida.

20     **v.    Defendant Office Depot Office Max Is Not A Separate, Legal**

21              **Entity.**

22         25.    Plaintiff's Complaint also purports to name "Office Depot Office Max" as

23  a separate, entity Defendant.  "Office Depot Office Max" is not a legal entity.  Rather

24  "Office Depot" and "Office Max" are trademark designations of Defendant.  (Harrold

25  Decl. ¶ 6).

26         26.    Because "Office Depot Office Max," is not a separate entity with

27  independent existence and citizenship, it may be disregarded as a sham defendant. *See*

28  *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816-7 (5th Cir. 1993) (holding named

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

8                                        NOTICE OF REMOVAL

defendant found to be a sham defendant for diversity purposes where the named defendant was not actually a corporation and thus its role in the alleged wrongs "legally impossible"); *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 460-461 (2nd Cir. 1998) ("[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy."); *Ritchey v. Upjohn Drug Co*., 139 F.3d 1313, 1318 (9th Cir. 1998), cert. denied, 525 U.S. 963 (1998).

### vi.   Individual Defendant Ted Valencia Is A "Sham" Defendant

27.     Plaintiff asserts a single cause of action against the Individual Defendant Valencia for intentional infliction of emotional distress ("IIED").  (Complaint ¶¶ 183-190). However, as demonstrated below, not only is the Individual Defendant a sham defendant but Plaintiff's IIED claim against him fails on its face and as a matter of law. Therefore, the Court should disregard the fraudulent inclusion of the Individual Defendant as a defendant in this matter.  *See Ritchey*, 139 F.3d at 1318-19 (9th Cir. 1998), cert. denied, 525 U.S. 963 (1998) (sham defendants may be disregarded when determining diversity jurisdiction); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

28.     Title 28, section 1332 of the United States Code requires complete diversity of citizenship, meaning plaintiff must be a citizen of a different state from each of the defendants.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  There is an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined" in that no cause of action has been stated against that party.  *Id*.(non-diverse sham defendant named in state court action may be disregarded); *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 871 (5th Cir. 1991); *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement to complete diversity").  Where a defendant has been "fraudulently" joined, that defendant's presence is ignored for the purposes of determining diversity. *Id*.  "[A]

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

9

NOTICE OF REMOVAL

plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-461 (2nd Cir. 1998).

29.     In determining whether a defendant is "fraudulently" joined, courts may properly consider the allegations of the complaint and facts presented by the defendant in its notice of removal. *Upjohn Drug Co.*, 139 F.3d at 1318.  The defendant seeking removal is entitled to present facts establishing the joinder of the non-diverse defendant is fraudulent. *Id.* (citations omitted). It is well settled that fraudulent joinder is shown, where, as here, plaintiff fails to state a cause of action against a defendant and that failure is apparent according to the settled law of the state. *McCabe,* 811 F.2d at 1339.

30.     Plaintiff asserts a single cause of action against Valencia for intentional infliction of emotional distress ("IIED").   (Complaint ¶¶ 183-190). However, as demonstrated below, Plaintiff's IIED claim against Valencia fails.

31.     To state a claim for IIED Plaintiff must allege: (1) outrageous conduct by Valencia; (2) Valencia intentionally caused or recklessly disregarded the probability of causing emotional distress; (3) that Plaintiff suffered severe emotional distress; and (4) Valencia's outrageous conduct was the actual and proximate cause of Plaintiff's emotional distress.  *See Cole v. Fair Oaks Fire Prot.* Dist. 43 Cal.3d 148, 155 n.7 (1987).  It is an issue of law whether a Defendant's conduct can be deemed to be so extreme and outrageous as to allow for recovery. *Fowler v. Varian Assn., Inc.* 196 Cal. App. 3d 34, 44 (1987).

32.     Under California law, the management of personnel, even with a discriminatory motive, does not constitute "extreme and outrageous" conduct as a matter of law. *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996).  As the court noted in *Janken*:

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10

NOTICE OF REMOVAL

An essential element of such a claim is a pleading of outrageous conduct beyond the bounds of human decency. Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged. If management decisions are improperly motivated the remedy is a suit against the employer for discrimination.

*Id.* (internal citations omitted); see also *Yurick v. Sup. Ct.* 209 Cal. App. 3d 1116, 1128-30 (1989) (holding that "unlawful" conduct does not constitute outrageous conduct).

33. Here, Plaintiff's IIED claim against the Individual Defendant is ***devoid of any facts*** that the Individual Defendant engaged in any specific conduct that would give rise to liability, let alone any facts that would support that Valencia engaged in extreme and outrageous conduct. In fact, the Complaint ***does not include any details*** regarding the Individual Defendant's alleged conduct relating to Plaintiff's employment or termination. Even assuming Plaintiff did include details connecting the Individual Defendant to his claims, the Individual Defendant was and remains an Operations Manager at Office Depot, and alleged actions he took with respect to Plaintiff were mere personnel decisions that do not give rise to an IIED claim as a matter of law.

34. Moreover, Plaintiff's IIED claim is based only on personnel management actions that are preempted by the Worker's Compensation Act ("WCA"), which provides a detailed and comprehensive system of remedies for work-related injuries that are the "sole and exclusive remedy" for such injuries and are available only in proceedings before the WCA Appeals Board. *See* Lab. Code §§3602(a), 5300; see also *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160 (1987). Subject to only limited exceptions, none of which are relevant here, workers' compensation is the only remedy available to injured employees against the employer responsible for injuries "arising out of and in the course of employment." Cal. Lab. Code §§3600-3602, 5300; *Shoemaker v. Myers*, 52 Cal. 3d. 1, 18, 276 Cal. Rptr. 303 (1990).

35. Finally, any conduct by the Individual Defendant is protected by the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

11

NOTICE OF REMOVAL

managerial privilege. Plaintiff alleges that the Individual Defendant was employed as a "Manager" for Office Depot. (Compl. ¶ 26.) California law explicitly prohibits employees from suing their former managers and supervisors in tort for merely discharging their employment duties related to personnel actions. *See Sheppard v. Freeman,* 67 Cal. App. 4th 339, 342 (1998).  The manager's privilege applies where a party acts within the course and scope of her employment and protects a manager's right to manager her employees: "If that privilege protects nothing else, it protects a manager's right to manage personnel (including firing and hiring) without fear of independent liability, absent concrete and specific allegations that such actions were *entirely* for the benefit of the individual." *Kacludis v. GTE Sprint Commc'ns Corp.* 806 F. Supp. 866, 872 (N.D. Cal. 1992) (emphasis in the original). Upon finding that the manager's privilege applies, fraudulent joinder should be found. See *McCabe v. Gen. Foods Corp.* 811 F.2d 1336, 1339 (9th Cir. 1987) (finding that the plaintiff failed to state a cause of action against the individual supervisors since they acted in their managerial capacity, and held that the individual defendants were fraudulently joined).

36.    Because Plaintiff's  IIED claim fails to state a cause of action against the Individual Defendant, it is preempted by the worker's compensation exclusivity doctrine, and it is protected by the managerial privilege, the Individual Defendant is fraudulently joined to this lawsuit and his citizenship should be disregarded for purposes of diversity. Thus, removal based on diversity jurisdiction is proper.

**VII.   Unnamed Defendants, "Does 1 to 100," are Insufficient to Vitiate Diversity Jurisdiction**.

37.    The Complaint names as defendants "DOES 1 to 100."  Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

**V.THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

38.    The Court has jurisdiction over this case because, in addition to the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

12

NOTICE OF REMOVAL

prerequisite of diversity between the parties, the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, the second requirement of diversity jurisdiction is satisfied.

39.    In measuring the amount in controversy, this Court must assume that the allegations in the complaint are true and that a jury will return a verdict for the plaintiff on all claims asserted. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount put "in controversy" by the plaintiff's complaint, and now how much, if anything, the plaintiff will actually recover. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (citing *Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)). Further, as one district court recently held, "[u]nder this standard, 'the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02134-MCE, 2014 WL 651923, at *7 (E.D. Cal. Feb. 19, 2014) (citations omitted).

40.    The Supreme Court in *Dart Cherokee Basin Operating Co. v. Owens* recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id*. Otherwise, "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*.

41.    Plaintiff seeks in his Complaint: (1) general damages; (2) special damages, (3) compensatory damages, (4) emotional distress damages; (5) punitive damages; (6) pre-judgment interest and post-judgment interest; and (7) costs of suit, and (8)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

13                    NOTICE OF REMOVAL

1    attorneys' fees. (Compl., Prayer for Relief.) Although Defendants deny the validity and

2    merit of all of Plaintiff's claims and allegations and deny that Plaintiff is entitled to any

3    relief, Plaintiff's claims establish an amount in controversy over the jurisdictional

4    minimum of $75,000, exclusive of interests and costs, as set forth below:

5              **A.    Emotional Distress Damages**

6              42.    Plaintiff seeks damages for emotional distress. (Compl. Prayer for Relief.)

7    Plaintiff's potential recovery of such damages further augments the foregoing amounts

8    and demonstrates that the jurisdictional prerequisite for removal of this action is met.

9    *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional

10   distress damages are included in determining amount in controversy); *see also Velez v.*

11   *Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and

12   harassment cases awarding emotional distress damages and concluding that "substantial

13   jury awards of hundreds of thousands of dollars for non-economic damages have been

14   upheld where there is evidence . . . that the plaintiff suffered heightened mental

15   anguish").

16             43.    Although Defendants dispute that Plaintiff is entitled to any such award,

17   plaintiffs in employment cases have been awarded substantial sums for emotional

18   distress. *See, e.g., Gardenhire v. Hous. Auth. of Los Angeles*, 85 Cal. App. 4th 236, 240-

19   241 (2002) (affirming judgment, including jury award of $1.3 million in emotional

20   distress damages for wrongful termination in violation of public policy claim); *Swinton*

21   *v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001) (award of $30,000); *Coleman v.*

22   *Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) (emphasizing, "[i]t it well

23   established that punitive damages are part of the amount in controversy in a civil

24   action.") (citing Gibson, 261 F.3d at 945); *Richmond v. All State Ins.*, 897 F. Supp. 447,

25   449-50 (S.D. Cal. 1995) (concluding that general and special damages are included in

26   the amount in controversy).

27             44.    Considering that Plaintiff's seeks many types of damages, the amount of

28   damages claimed by Plaintiff clearly meets the minimum amount in controversy.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

14

NOTICE OF REMOVAL

**B.    Lost Wages**

45.    Plaintiff also seeks lost wages. (Compl. ¶¶ 34, 45, 65, 76, 89). Should Plaintiff prevail on his wrongful termination and/or discrimination claims, he potentially could recover lost wages and benefits through the date of trial. Cal. Lab. Code § 6310(b). *See* Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2018); *Wise v. S. Pac. Co*., 1 Cal. 3d 600, 607 (1970).

46.    At the time Plaintiff's employment ended on or about April 5, 2021, he earned $19.23 per hour.  In 2019, his last full year of continued employment, Plaintiff earned $40,968.19 over the course of the year (or approximately 3,414 per month). (Harrold Decl. ¶ 7.) If Plaintiff were to recover back wages from April 5, 2021 to the present, he potentially could recover $44,382.  Moreover, if the case proceeds to trial by the end of April 2023 – approximately one year from when Plaintiff served Defendants with the Complaint – and Plaintiff remains unemployed, the amount in controversy on lost wages would be a total of approximately 24 months, or roughly $81,936.

47.    In addition, front pay awards in California frequently span a number of years. *See Rabaga-Alvarez v. Dart Indus*., Inc., 55 Cal. App. 3d 91, 97 (1976) (four years).Even conservatively estimating that Plaintiff seeks front pay benefits for only the three years after trial, the amount of future wages in controversy in this case would total at least an additional $122,904. Thus, if this case goes to trial in April 2023, it may reasonably be estimated that Plaintiff's claims of back pay and front pay would alone total an estimated $204,840.

**C.    Punitive Damages**

48.    Plaintiff also seeks punitive damages. (Compl., Prayer for Relief.) "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001).

49.    A defendant may use damage awards in other cases to establish the amount in controversy. *Simmons v. PCR Tech*., 209 F Supp. 2d 1029, 1033 (N.D. Cal. 2002).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

15

NOTICE OF REMOVAL

California law provides no specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons*, 209 F. Supp. 2d at 1033. Indeed, punitive damage awards have equaled as much as a four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co*., 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id*. at 334; *see also, Simmons*, 209 F. Supp. 2d at 1033 (citing employment discrimination cases involving punitive damages awards). Accordingly, Plaintiff's claim for punitive damages alone places at least $75,000 in controversy.

### D.    Attorneys' Fees

50.    Plaintiff also seeks attorneys' fees. Attorneys' fees potentially recoverable by statute are also included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In actions brought under the FEHA and CFRA, the court, in its discretion, may award to the prevailing party reasonable attorneys' fees. Cal. Gov't Code § 12965(b).

51.    Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal.  *Sasso v. Noble Utah Long Beach, LLC*, Case No.: CV 14-09154-AB (AJWx), at *7 (C.D. Cal. Mar. 3, 2015). "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

16

NOTICE OF REMOVAL

discrimination case alleging wrongful termination] may **reasonably be expected to equal at least $30,000** (100 hours x $300 per hour)." *Id.* (emphasis added). Thus, Plaintiff's demand for attorneys' fees adds at least $30,000 to the amount in controversy, which is a very conservative estimate. *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA);

52.    To date, Plaintiff has certainly incurred fees and costs in preparing and filing his Complaint. In fact, at an assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a very conservative estimate of time spent through trial) to incur $75,000 in reasonable attorneys' fees (250 x $300 = $75,000).

53.    Although Defendants do not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims significantly exceeds the $75,000 jurisdictional threshold. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441.

## VI. NOTICE TO THE COURT AND PARTIES

54.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles, California.

## VII. CONCLUSION

55.    WHEREFORE, having fulfilled all statutory requirements, Defendants remove this action from the Superior Court of the State of California for the County of Los Angeles, to this Court, and requests this Court assume full jurisdiction over this matter as provided by law.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

17                                           NOTICE OF REMOVAL

1

Dated:          May 26, 2022

2

3                                          LITTLER MENDELSON, P.C.

4                                          /s/ Leah E. Peterson
                                           Monica M. Quinn
5                                          Leah E. Peterson

6                                          Attorneys for Defendants
                                           OFFICE DEPOT, LLC (erroneously sued
7                                          as Office Depot, Inc.);  OFFICEMAX
                                           INCORPORATED a/k/a OFFICEMAX,
8                                          LLC; OFFICEMAX NORTH
                                           AMERICA, INC; AND TED
9                                          VALENCIA

10        4893-3216-3362.2 / 063095-1815

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

                                   18                   NOTICE OF REMOVAL